## BLASS v. BROWN.

### Opinion delivered December 24, 1898.

JUSTICE OF THE PEACE—EXECUTION.—A justice of the peace has no power to issue execution on a forfeited forthcoming bond taken upon the levy of an execution issued by him, no such power being conferred on him by statute.    (Page 82.)

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

#### STATEMENT BY THE COURT.

The appellants, having a judgment against C. W. Brown & Co., for $227, procured the issuance of an execution thereon from the justice of the peace before whom the judgment was obtained, which was levied upon a stock of goods in possession of C. W. Brown & Co. by a constable, who took the forthcoming bond of J. B. Crownover as principal and William Camp-

bell as surety, in the following form, to-wit: "We, John B. Crownover, as principal, and W. A. Campbell, surety, do bind ourselves that the property mentioned in the following schedule and valuation, to-wit, one lot of merchandise now in the storehouse formerly run by C. W. Brown & Co., in Dardanelle, Arkansas, of the value of seven hundred dollars, shall be forthcoming on the 9th day of January, 1897, next, at the hour of 12 o'clock in the day. Witness our hands on this 29th day of December, 1896. [Signed] John B. Crownover. W. A. Campbell." The return of the execution and bond were promptly noted on the docket of the justice.

On motion of appellants, the justice issued execution on the forfeited forthcoming bond in these words: "The State of Arkansas to any constable of Yell county, Greeting: You are hereby commanded that of the goods and chattels of J. B. Crownover you cause to be made the sum of two hundred and twenty-seven dollars and five cents, which Gus Blass & Co., late before me, a justice of the peace for said county, recovered against J. B. Crownover, on his forthcoming bond, for two hundred and twenty-seven dollars and five cents, with interest thereon from the 9th day of January, 1897, until paid. Also the sum of twelve dollars and thirty-four cents, which was adjudged to said Gus Blass & Co. in that suit expended, and that you have said sum of money within thirty days to render to the said Gus Blass & Co. for his debt, interest and costs aforesaid. Given under my hand this 21st day of January, 1897.

[Signed]　　　　　　　　"S. L. STRAYHORN, J. P."

Thereupon the defendants and the sureties on the forthcoming bond filed before the justice a motion to recall and quash the execution which had been issued on the forthcoming bond. The grounds of this motion to quash were several, but they may all be condensed into the objection that the constable was not authorized to take this bond, and that it did not authorize the justice to issue execution upon it. The justice overruled the motion to quash, and the appellees appealed to the circuit court.

The circuit court, on appeal, rendered the following judgment: "Now, on this day, this cause comes comes on to be heard by consent of all the parties thereto. The plaintiffs,

Gus Blass & Co., offered to introduce the constable to prove
that he called on John B. Crownover at 12 o'clock on the day
of the sale to produce the goods, or pay the amount of the exe-
cution and costs held against C. W. Brown & Co., which was
refused by the said Crownover, and that he then returned the
execution and the bond as forfeited, in accordance with the
statutes.   The court refused to hear this evidence, and the plain-
tiffs in the execution, Gus Blass & Co., at the time, excepted to
the ruling of the court.   The motion to quash the execution
issued by S. L. Strayhorn, a justice of the peace of Dardanelle
township, on a forthcoming bond returned into his office by
T. J. Tucker, a constable of said township, comes on to be
heard, and the court, after hearing the arguments of counsel
and being sufficiently advised in the premises, doth sustain the
said motion.   And it is by the court here ordered, considered
and adjudged that said execution issued by said justice of the
peace upon the forthcoming bond be, and the same is hereby,
quashed and held for naught, and that no further proceedings
be had by said constable and said justice of the peace thereon
And that said J. B. Crownover have and recover of the said
Gus Blass & Co. his costs had in about said execution, and that
execution issue therefor,"—to which Gus Blass & Co. excepted,
and appealed to this court.

*Robert Toomer* and *W. S. & Farrar L. McCain*, for ap-
pellants.

Section 3075, Sand. & H. Dig. (§ 680, Civil Code), is
not repealed by Sand. & H. Dig. § 4329.   Hence a forthcom-
ing bond is as proper in justice's court as in the circuit court.
Sand. & H. Dig. § 5600.   The rendition of judgment on a
forthcoming bond is not a judicial but a ministerial act.   11
Ark. 584; 9 Ark. 451; 14 Ark. 595; *ib*. 597.

*Jacoway & Jacoway*, for appellee.

The provisions of the statute as to forthcoming bonds are
not applicable to proceedings in justice's court.   Sand. & H.
Dig. p. 779, note m; *ib*. §§ 7223, 3088, 4329; 44 Ark. 380;
48 Ark. 476.   The justice had no power to render the judg-
ment on the bond, because it is a lien on real estate (28 Ark.

500), and is also for an amount beyond his jurisdiction. The bond itself is void, because the constable had no power to take it. 21 Am. Dec. 33; 35 Ark. 327. Also because there is no schedule of valuation of the property attached to it. Sand. & H. Dig. § 3075. Also because it is uncertain in its terms as to the place of performance, the obligee and the description of the goods. Litt. Sel. Cas. (Ky.) 12; 4 Ark. 141; 8 Am. & Eng. Enc. Law, 565, 566, 568; 27 Ark. 20; Freeman, Executions, § 42.

HUGHES, J., (after stating the facts). There does not appear to be any authority for a justice of the peace to issue an execution upon a forthcoming bond taken upon the levy of an execution issued by him. He has such powers only as are conferred upon him by law. In ch. 94, § 4329, Sandels & Hill's Digest, it is provided that "parties to the action [before justice of the peace] may be the same as in the circuit court, and all the proceedings prescribed for that court, as far as the same are applicable and not herein changed, shall be pursued in justices' courts. But the powers of justices' court shall be and are only such as are in this chapter enumerated." The enumeration of the powers in the chapter referred to does not include, expressly or by implication, the power to issue execution upon a forfeited delivery bond.

Other reasons might be given why the judgment should be affirmed, but the above is sufficient.

Affirmed.